**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

RASHE T. BELLMON,                    :
                                     :
        Plaintiff,                   :    CIVIL ACTION
                                     :
    v.                               :
                                     :    NO. 11-CV-1966
CITY OF PHILADELPHIA;                :
POLICE OFFICER DAVID RICHARDSON;     :
POLICE OFFICER CHRISTOPHER ROMMEL;   :
and LOUIS GIORLA,                    :
                                     :
        Defendants.                  :


<u>**MEMORANDUM AND ORDER**</u>

**Joyner, C.J.**                           **September 10, 2012**

    Before the Court is the Defendants' Motion for Summary
Judgment (ECF No. 10).  For the reasons set forth in this
Memorandum, the Defendants' Motion is GRANTED in part and DENIED
in part.

**I. BACKGROUND**

    Officers David Richardson and Christopher Rommel are police
officers for the City of Philadelphia (the "City"), and Louis
Giorla is the Prison Commissioner of the City (collectively, the
"Defendants").  The gravamen of the Plaintiff's claims against
the Defendants is that Officers Richardson and Rommel
deliberately struck him with a police patrol car while the
Plaintiff fled from them on foot on a snowy December night in
2008.  Based on this conduct, the Plaintiff brought this action,
principally asserting a Fourth Amendment excessive force claim

1

under 42 U.S.C. § 1983 and state law claims for assault and battery and negligence.

On December 7, 2008, Officers Richardson and Rommel were patrolling near the intersection of Pratt Street and Roosevelt Boulevard in Philadelphia; Officer Richardson drove.  (Def.'s Stmt. of Undisputed Facts ¶¶ 1-2.)  The two officers heard a "Flash" radio call announcing that a maroon stolen Chevrolet Lumina was driving in the area.  (Richardson Dep. at 8:18-10:4 (Nov. 28, 2011).)  When the officers observed an automobile matching this description driving in the area, they followed it. Id. at 11:7-13:14.  The officers turned from Pratt Street onto Griscom Street, heading south.  Id. at 49:10-50:4.  The accounts of the incident then diverge.

According to the officers, they confirmed, through radio contact with their dispatcher, that they were following the Lumina mentioned in the "Flash," and Officer Richardson activated the dome lights of the patrol car in an attempt to stop the Lumina.  Id. at 14:24-15:5, 17:5-23.  The Lumina then sped away. Id. at 19:22-20:9.  The officers pursued it with lights and sirens activated.  Id. at 50:2-4.  The Lumina reached a high rate of speed, almost collided with a police van, and ultimately crashed into a house at the intersection of Griscom Street and Ruan Street.  Id. at 20:17-27:21.  The Plaintiff, the driver of the Lumina, tried to run away on foot, and the officers pursued

him in the patrol car.  Id. at 30:11-31:23.  Officer Richardson
drove ahead of the Plaintiff so as to let Officer Rommel out of
the patrol car in front of the Plaintiff.  Id. at 32:13-16;
(Rommel Dep. at 20:11-21 (Nov. 28, 2011)).  Officer Richardson
attempted to stop the patrol car in an area where there were no
parked cars (Rommel Dep. at 23:24-24:5), but, as a result of
slippery road conditions, Officer Richardson lost control of the
patrol car and accidentally struck both the Plaintiff and a
building with it (Richardson Dep. at 32:17-34:23 (Nov. 28, 2011);
Rommel Dep. at 20:22-21:11 (Nov. 28, 2011)).

     According to the Plaintiff, he borrowed a Chevrolet Lumina
from a friend; despite not having a driver's license, he intended
to drive to a local store in order to purchase drug
paraphernalia.  (Bellmon Dep. at 53:19-56:20 (Jan. 27, 2012).)
This Lumina was parked on Griscom Street.  Id. at 58:12-16.  The
Plaintiff got into this automobile, pulled into traffic heading
south on Griscom Street, and noticed a car behind him.  Id. at
56:21-59:12.  The car following the Plaintiff did not have its
lights on, and the Plaintiff did not know if it was a police car
or a civilian car.  Id. at 59:6-60:6.  The car following him then
illuminated blinking white lights in its front, id. at 60:15-
61:10, but activated neither blue and red lights nor sirens, id.
at 70:14-71:11, 90:9-20.  The Plaintiff, believing that the
occupants of the car following him would try to rob or attack

3

him, sped up, but "wasn't going that fast." Id. at 61:11-65:6.
When the Plaintiff reached the intersection of Griscom Street and
Ruan Street, the Plaintiff braked, skidded, and collided with a
house. Id. at 76:3-77:24. The Plaintiff ran away down the
sidewalk on Ruan Street. Id. at 78:12-79:5. Parked cars
separated the sidewalk from the roadway. Id. at 66:12-21;
(Richardson Dep. at 31:4-21 (Nov. 28, 2011).) As the Plaintiff
passed over the driveway to a garage on Ruan Street, the
Plaintiff heard a car accelerate, then felt a car strike him and
propel him into the air. (Bellmon Dep. at 86:1-87:11 (Jan. 27,
2012).) When the Plaintiff landed, he injured his leg, then saw
police officers and a police car nearby. Id. at 87:1-88:13. The
Plaintiff told the officers that he thought he had broken his
leg, but the officers swore at him, accused him of lying, and
told him he would go to jail. Id. at 94:10-95:5, 100:2-101:5. A
police van then took the Plaintiff to Frankford Hospital. Id. at
95:7-16.

Plaintiff commenced the present action against the
Defendants under 42 U.S.C. § 1983, alleging Fifth and Fourteenth
Amendment claims for deprivation of his due process and equal
protection rights and Fourth Amendment claims for excessive force
(Count I) (Compl. ¶¶ 31-37), as well as claims for violations of
the United States and Pennsylvania Constitutions based on false
arrest and false imprisonment (Count IV) (Compl. ¶¶ 54-57), and

4

malicious prosecution (Count V) ((Compl. ¶¶ 58-61).  The
Plaintiff also asserts state law claims for assault and battery
(Count II) (Compl. ¶¶ 38-45), and negligence (Count III) (Compl.
¶¶ 46-53).

       After the Defendants moved for summary judgment, the
Plaintiff, in his Response, represented that he only contested
the Defendants' Motion with respect to his Fourth Amendment
excessive force claim in Count I and his state law claims for
assault and battery and negligence in Counts II and III.  (Pl.'s
Response at 4.)  The Plaintiff's Response also referred to a
sixth count of the complaint, which purportedly alleges "Monell
claims against all defendants."  Id.  Although the Plaintiff's
complaint contains no such sixth count and does not expressly
invoke the doctrine of Monell v. Dep't of Soc. Servs., 436 U.S.
658 (1978) (see generally Compl.), the Court construes the
Plaintiff's naming of the City of Philadelphia as a Defendant and
assertion of claims against the City as stating Monell claims.

## II. STANDARD OF REVIEW

       Upon considering a motion for summary judgment, the Court
shall grant the motion "if the movant shows that there is no
genuine dispute as to any material fact and the movant is
entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).
In making this determination, "inferences to be drawn from the
underlying facts . . . must be viewed in the light most favorable

5

to the party opposing the motion."  <u>Matsushita Elec. Indus. Co.</u>
<u>v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986) (alteration in
original) (internal quotation marks omitted).  "[T]here is no
issue for trial unless there is sufficient evidence favoring the
nonmoving party for a jury to return a verdict for that party."
<u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249 (1986).  The
party opposing summary judgment "may not rest upon the mere
allegations or denials of the . . . pleading; its response, by
affidavits or as otherwise provided in this rule, must set forth
specific facts showing that there is a genuine issue for trial."
<u>Saldana v. Kmart Corp.</u>, 260 F.3d 228, 232 (3d Cir. 2001)
(alteration in original) (internal quotation marks omitted).

**III. DISCUSSION**

<u>A. Uncontested Claims</u>

The Defendants have moved for summary judgment on all of the
Plaintiff's claims.  The Plaintiff does not oppose the
Defendants' Motion with respect to Counts IV and V of his
complaint or with respect to his due process and equal protection
claims in Count I.  (Pl.'s Response at 4.)  Accordingly, summary
judgment for all of the Defendants is proper on the claims
pleaded in Counts IV and V of the complaint, for violations of
the United States and Pennsylvania Constitutions based on false
arrest, false imprisonment, and malicious prosecution, as well as
on the due process and equal protection claims pleaded in Count I

of the complaint.[1]

B. City of Philadelphia

Summary judgment is appropriate as to all the Plaintiff's claims against the City.  The record discloses no evidence of an unconstitutional official policy or custom of the City sufficient for a reasonable juror to impose § 1983 liability on the City. In addition, because the exception for motor vehicle torts contained in 42 Pa. Cons. Stat. § 8542(b)(1) does not apply, the general immunity from tort claims contained in 42 Pa. Cons. Stat. § 8541 forecloses the Plaintiff's negligence claim as against City.

*1. Fourth Amendment Excessive Force*

In a § 1983 suit against a municipality, the municipality may only be liable if the allegedly unconstitutional action "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers."  Monell, 436 U.S. at 690.  Such actions can take two forms: an official policy or a custom or usage.  Id. at 691.  "Although not authorized by written law, . . . practices of state officials could well be so permanent and well settled as to constitute a 'custom or usage' with the force of law."  Id.

_____

[1] Although the Plaintiff does not contest the Defendants' motion with respect to his claims for money damages based on the Pennsylvania Constitution, the Court notes that summary judgment on these claims would be appropriate if contested because Pennsylvania law does not permit claims for monetary damages based on violations of the Pennsylvania Constitution.  Jones v. City of Philadelphia, 890 A.2d 1188, 1208-16 (Pa. Commw. 2006).

(citation omitted).  Inadequate police training--or the absence of training altogether--may be the basis for a § 1983 suit if the deficient training amounts to "deliberate indifference" to the rights of the person aggrieved.  See City of Canton v. Harris, 489 U.S. 378, 388 (1989).  The municipal policy must be the "'moving force [behind] the constitutional violation.'"  Id. at 389 (alteration in original) (quoting Polk Cnty. v. Dodson, 454 U.S. 312, 326 (1981)).

The Plaintiff has not come forward with any facts suggesting that the City showed deliberate indifference to the Fourth Amendment rights of its citizens.  No facts in the record indicate that the City's officer training program was inadequate or that such training was the "moving force" behind Plaintiff's alleged constitutional injury.[2]  Nor does the record contain any evidence of an unconstitutional policy or "acquiescence in a well-settled custom" with respect to the use of excessive force in apprehending suspects.  See Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990).  Moreover, no facts in the record suggest a causal relationship between Plaintiff's alleged injury and the actions of any of the policymakers in the City or its

_____

[2] Although the Plaintiff has presented evidence of only a single incident of excessive force, his claim could nonetheless succeed on a failure to train theory if the need for such training was "so obvious" and the inadequacy was "so likely" to result in violations of constitutional rights that policymakers "can reasonably be said to have been deliberately indifferent to the need."  Harris, 489 U.S. at 390.  The Plaintiff has not clearly identified any deficiency in the City's training of its officers, so his claim cannot survive summary judgment on this basis.

police department.  The City is therefore entitled to summary judgment on the Plaintiff's constitutional claim against it.

*2. Negligence Claim*

Municipalities in Pennsylvania enjoy immunity from all but a handful of tort claims.  See 42 Pa. Cons. Stat. §§ 8541-8542.  By statute, an exception to this general immunity exists for the operation of a motor vehicle under certain circumstances; in particular, liability may attach based on:

> [t]he operation of any motor vehicle in the possession or control of the local agency, provided that the local agency shall not be liable to any plaintiff that claims liability under this subsection if the plaintiff was, during the course of the alleged negligence, in flight or fleeing apprehension or resisting arrest by a police officer or knowingly aided a group, one or more of whose members were in flight or fleeing apprehension or resisting arrest by a police officer.

42 Pa. Cons. Stat. § 8542(b)(1) (emphasis added).

The City argues that the Plaintiff "was . . . in flight" within the meaning of § 8542(b)(1) such that the motor vehicle immunity exception does not apply.  The Plaintiff concedes that he was "in flight" from the officers but, citing to Forgione v. Heck, 736 A.2d 759 (Pa. Commw. 1999), argues that, in order for a municipality to escape liability otherwise permitted by the motor vehicle immunity exception, a plaintiff "in flight" from a police officer must know that he or she is fleeing a police officer in order for the exclusion to the exception to apply.  The Court

9

agrees with the City.

The statute which sets forth the motor vehicle immunity exception expressly excludes liability to any plaintiff who was, "during the course of the alleged negligence, in flight" from police officers.  42 Pa. Cons. Stat. § 8542(b)(1).  The statute imposes no <u>mens rea</u> for the flight from police officers triggering the exclusion from the motor vehicle liability exception.[3]  <u>See id.</u>  Although the word "knowingly" appears later in the statute, it refers to other conduct which excludes liability from the motor vehicle exception.  <u>See id.</u>  The Plaintiff asks this Court, in effect, to insert the word "knowingly" into the legislatively enacted phrase "if the plaintiff was, during the course of the alleged negligence, in flight."  <u>See id.</u>  The Court may not do so.  <u>See Pa. Sch. Bds. Ass'n, Inc. v. Commw. Pub. Sch. Employees' Retirement Bd.</u>, 580 Pa. 610, 621, 863 A.2d 432 (2004).

<u>Forgione</u> accords with this interpretation of § 8542(b)(1). The <u>Forgione</u> Court merely noted that, because the plaintiff there conceded, on the record, that he fled from police officers because he feared the consequences of arrest, no genuine issue of

_____

[3] If § 8542(b)(1) were a criminal statute, the absence of a <u>mens rea</u> requirement would present a more difficult statutory construction question. <u>See</u> 18 Pa. Cons. Stat. § 302(c); <u>Commonwealth v. Mayfield</u>, 574 Pa. 460, 473-76, 832 A.2d 418 (2003).  Section 8542(b)(1) is not a criminal statute, so the Plaintiff's proffered comparisons to 75 Pa. Cons. Stat. § 3733 and 18 Pa. Cons. Stat. § 5104 fail to persuade.  The Court must give effect to the legislatively enacted text, which does not require that a plaintiff "in flight" from police officers know that his pursuers are police officers.

fact existed about whether he was fleeing the police, meaning
that the exclusion to the motor vehicle exception applied.  736
A.2d at 761.  The Forgione Court did not hold that § 8542(b)(1)
requires that a plaintiff know he was fleeing police officers in
order for the exclusion to the exception to apply.  See id.

Accordingly, the Court concludes that § 8542(b)(1) excludes
a municipality's liability for any negligence which occurred
during a plaintiff's flight from police officers from the motor
vehicle immunity exception regardless of the plaintiff's
knowledge that he or she fled police officers.  Because the
Plaintiff does not dispute that he fled from the officers here,
the City is immune from the Plaintiff's negligence claim pursuant
to § 8542(b)(1), and no genuinely disputed facts remain for trial
on the negligence claim as against the City.  Summary judgment is
proper.

C. Commissioner Giorla

Summary judgment is also appropriate with respect to the
Plaintiff's claims against Commissioner Giorla.  Of the remaining
disputed claims, the Plaintiff only asserts his Fourth Amendment
excessive force claim brought under § 1983 against Commissioner
Giorla.  Because "[a] defendant in a [§ 1983] action must have
personal involvement in the alleged wrongs" and "liability cannot
be predicated solely on the operation of respondeat superior,"
the summary judgment record must contain some evidence of an

individual defendant's personal involvement, whether through
"personal direction [of] or . . . actual knowledge and
acquiescence [in]," the constitutional deprivation in order to
proceed to trial.  See Rode v. Dellarciprete, 845 F.2d 1195, 1207
(3d Cir. 1988).  The record here contains no evidence that
Commissioner Giorla personally directed the officers' conduct,
issued or participated in forming any relevant policy, or
acquiesced in the officers' conduct or in any custom or pattern
of behavior.[4]  Summary judgment is therefore appropriate on the
Plaintiff's Fourth Amendment excessive force claim against
Commissioner Giorla.

D. Officers Richardson and Rommel

The Court concludes that triable issues exist, and that
summary judgment is therefore not proper, with regard to the
Plaintiff's Fourth Amendment excessive force claim against
Officers Richardson and Rommel and with regard to the assault and
battery claim as against Officer Richardson.  The Court further
concludes that no such triable issues exist with regard to the
Plaintiff's negligence claim against the officers and with regard
to the assault and battery claim as against Officer Rommel, so
summary judgment in the officers' favor is appropriate on those

_____

[4] The Plaintiff may not have been able to adduce such evidence at all;
the City argues that Commisioner Giorla is actually the prison commissioner of
the City, not the police commissioner.  (City's Mot. for Summ. J. at 8.)  The
title and responsibilities of Commissioner Giorla's actual position are
secondary to the absence of any evidence that he was personally involved in
any way with the officers' conduct here.

claims.

*1. Fourth Amendment Excessive Force*

The Plaintiff argues that a triable issue of fact exists with regard to whether Officer Richardson struck him with the patrol car as part of a deliberate attempt to stop him, conduct which would constitute excessive force in effecting his arrest. The City argues that the record clearly demonstrates that the patrol car struck the Plaintiff accidentally and that the officers acted reasonably in effecting the Plaintiff's arrest or, in the alternative, that qualified immunity shields the officers from the Plaintiff's constitutional claim because reasonable officers could disagree about the reasonableness of their conduct.

The Court concludes that triable issues exist as to whether the officers struck the Plaintiff with the patrol car in an attempt to stop him from fleeing and arrest him or merely by accident.  The Court further concludes that triable issues exist as to whether reasonable police officers could disagree about the propriety of the officers' conduct such that qualified immunity applies here.  Summary judgment is inappropriate.

a. Liability

An arrest violates the Fourth Amendment when effectuated with excessive force.  See Graham v. Connor, 490 U.S. 386, 394 (1989).  The factfinder must weigh whether "the officers' actions

are 'objectively reasonable' in light of the facts and
circumstances confronting them, without regard to their
underlying intent or motivation." Id. at 397 (quoting Scott v.
United States, 436 U.S. 128, 137-39 (1978)).  Deciding whether
law enforcement officers used reasonable or excessive force
requires a balancing of interests: "the nature and quality of the
intrusion on the individual's Fourth Amendment interests against
the countervailing governmental interests at stake." Id. at 396
(internal quotation marks omitted).  The Court must afford some
allowance for police officers who make "split-second judgments"
in "tense, uncertain, and rapidly evolving" circumstances.  Id.
at 396-97.  Relevant factors include the severity of the crime at
issue, the immediate threat of harm to the officers and others,
and the suspect's attempts to resist or escape the arrest.  Id.
at 396.  The Third Circuit has identified other relevant factors,
such as the risk a suspect is violent or dangerous, the duration
of the use of force, whether the force was used to effectuate the
arrest, the possibility the suspect is armed, and the number of
people the officer must contend with at one time.  Kopec v. Tate,
361 F.3d 772, 777 (3d Cir. 2004) (citing Sharrar v. Felsing, 128
F.3d 810, 822 (3d Cir. 1997)).  The reasonableness of the force
used to arrest Plaintiff is a question of fact.  See Estate of
Smith v. Marasco, 318 F.3d 497, 515-16 (3d Cir. 2003).

Viewed in the light most favorable to the Plaintiff, a

14

reasonable juror could conclude that the officers used excessive force in effecting the Plaintiff's arrest by striking him intentionally with the patrol car.[5]  The Plaintiff testified that, as he passed in front of a garage on Ruan Street, the Plaintiff heard a car accelerate, then felt a car strike him and propel him into the air.  (Bellmon Dep. at 86:1-87:11 (Jan. 27, 2012).)  A jury, crediting the Plaintiff's testimony and drawing reasonable inferences in his favor, could conclude that Officer Richardson waited until the Plaintiff passed in front of a garage, where no parked cars blocked the patrol car from striking the Plaintiff, then deliberately accelerated in order to strike the Plaintiff with the patrol car.  See id. at 66:12-21, 86:1-87:11; (see also Rommel Dep. at 23:24-24:5.)  Evidence that the officers swore at the Plaintiff and expressed hostility to the Plaintiff's claims that the collision had injured him also support the inference that Officer Richardson acted deliberately in striking the Plaintiff with the patrol car.  See id. at 94:10-95:5, 100:2-101:5.

Other evidence in the record suggests that Officer Richardson struck the Plaintiff accidentally.  (E.g., Richardson Dep. at 64:17-23 (Nov. 28, 2011).)  Accordingly, a reasonable juror could conclude that Officer Richardson intentionally struck

---

[5] The Defendants offer no argument that, had Officer Richardson struck the Plaintiff intentionally with the patrol car, such force was reasonable in these circumstances, and the Court concludes that such an argument would fail on this record.

the Plaintiff with the patrol car in order to prevent him from fleeing and arrest him, just as a reasonable juror could conclude the opposite.  Triable issues of material fact therefore exist as to the Plaintiff's excessive force claim.  See Taylor v. Moletsky, Civ. No. 07-4883, 2010 WL 299747, at *4, 6 (E.D. Pa. Jan. 22, 2010).[6]  Summary judgment is not proper.[7]

b. Qualified immunity

The Plaintiff can only prevail on his excessive force claim if a reasonable officer would have known his conduct violated the Fourth Amendment in these circumstances.  See Kopec, 361 F.3d at 777.  "The question is what the officer reasonably understood his powers and responsibilities to be, when he acted, under clearly established standards."  Saucier v. Katz, 533 U.S. 194, 208 (2001).  Qualified immunity operates to "protect officers from the sometimes hazy border between excessive and acceptable force."  533 U.S. at 206 (internal quotation marks omitted).

Here, the Plaintiff's claim implicates the clearly established right to be free from excessive force during the

---

[6] In Taylor, Judge Jones confronted a distressingly similar set of circumstances involving a Pottstown police officer who, in pursuit of a suspect, hit the suspect with her patrol car.  See generally Taylor, 2010 WL 299747.

[7] Officer Rommel has not argued that summary judgment in his favor is appropriate because he did not personally strike the Plaintiff with the patrol car and had no realistic opportunity to intervene in order to stop Officer Richardson from doing so.  See Smith v. Mensinger, 293 F.3d 641, 651-52 (3d Cir. 2002).  In the absence of such an argument, and because the record could permit a reasonable juror to conclude that Officer Rommel had a reasonable opportunity to intervene, summary judgment separately in Officer Rommel's favor is inappropriate.  See id.

effectuation of an arrest.  See Taylor, 2010 WL 299747, at *7.
If the Plaintiff succeeds in demonstrating that Officer
Richardson deliberately struck the Plaintiff with the patrol car,
qualified immunity would not shield the officers from liability.
See id.  If the officers succeed in demonstrating that the patrol
car accidentally collided with the Plaintiff, qualified immunity
would shield the officers from any resulting liability.  See id.
Because triable issues exist with respect to whether Officer
Richardson intentionally struck the Plaintiff with the patrol
car, summary judgment on the basis of qualified immunity is not
warranted.

*2. State Law Assault and Battery*

        "Assault is an intentional attempt by force to do an injury
to the person of another, and a battery is committed whenever the
violence menaced in an assault is actually done, though in ever
so small a degree, upon the person. . . .  A police officer may
use reasonable force to prevent interference with the exercise of
his authority or the performance of his duty.  In making a lawful
arrest, a police officer may use such force as is necessary under
the circumstances to effectuate the arrest.  The reasonableness
of the force used in making the arrest determines whether the
police officer's conduct constitutes an assault and battery."
Renk v. City of Pittsburgh, 537 Pa. 68, 76, 641 A.2d 289 (1994)
(internal citations and quotations omitted).

17

a.  Officer Richardson

Summary judgment is inappropriate on the Plaintiff's assault and battery claim as against Officer Richardson.  As discussed with regard to the Plaintiff's Fourth Amendment excessive force claim, this record permits a reasonable juror to conclude that Officer Richardson intentionally struck the Plaintiff with the patrol car.  See Section III.D.1 supra.  A reasonable juror could also conclude, on the same basis, that Officer Richardson thereby used unreasonable or unnecessary force in effecting the Plaintiff's arrest.  See id.  Given these factual disputes about the intent and reasonableness of Officer Richardson's actions, summary judgment is also inappropriate on the Plaintiff's assault and battery claim as against Officer Richardson.

The Defendants, citing to 42 Pa. Cons. Stat. § 8550, also argue that Officer Richardson is entitled to official immunity unless the Plaintiff can show that he committed "willful misconduct."  Because the Plaintiff cannot do so on this record, the Defendants claim, summary judgment in Officer Richardson's favor is appropriate.  Again, because the Court has already concluded that triable issues exist with respect to whether Officer Richardson intentionally struck the Plaintiff with the patrol car, see Section III.D.1 supra, the Court also concludes that triable factual issues exist with respect to whether he engaged in willful misconduct such that § 8550 prevents his use

18

of the official immunity defense to tort liability.   Summary
judgment in Officer Richardson's favor based on official immunity
is not appropriate.

b.   Officer Rommel

In contrast, summary judgment is appropriate with regard to
the Plaintiff's assault and battery claim against Officer Rommel.
It is undisputed that Officer Rommel did not drive the patrol car
or have any control over whether it struck the Plaintiff.
(Def.'s Stmt. of Undisputed Facts ¶ 2.)   The Plaintiff has
pointed to no evidence that Officer Rommel nevertheless had some
degree of control over the patrol car, or that Officer Rommel, by
some other subsequent conduct, intentionally used unreasonable
force during the encounter.   The Court therefore concludes that
the record contains no evidence that Officer Rommel intentionally
attempted to use, or did use, unreasonable force in effecting the
Plaintiff's arrest.   This record therefore presents no genuine
issue of fact about an essential element of an assault and
battery claim, that is, that Officer Rommel intentionally
attempted to use, or did use, unreasonable force.[8]   Summary
judgment is proper in Officer Rommel's favor on this claim.

3. State Law Negligence

Because the Court has already concluded that the City is

---

[8] Although § 1983 excessive force liability may attach based on
acquiescence and failure to intervene, see Smith, 293 F.3d at 651-52, the
Plaintiff points to no authority permitting assault and battery liability to
attach under Pennsylvania law on the same basis.

19

immune from the Plaintiff's negligence claim, it follows that the officers are also immune from the Plaintiff's negligence claim. See 42 Pa. Cons. Stat. § 8545; Moser v. Bascelli, 865 F. Supp. 249, 253-54 (E.D. Pa. 1994).  Summary judgment is therefore proper in the officers' favor on the Plaintiff's negligence claim.

**IV. CONCLUSION**

For the aforementioned reasons, Defendants' Motion for Summary Judgment is granted in part and denied in part.  An appropriate order follows.